IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Archie Hollemon Jr,

Plaintiff

v.

Cavalry Portfolio Services LLC,
Bronson & Migliaccio, LLP &
Laurence A Hecker, A Professional
Association d/b/a Laurence A Hecker,
Attorney at Law

Defendant(s)

Case No:        _____
JURY DEMAND

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff, Archie Hollemon Jr ("Plaintiff") brings this action under the Fair
Debt Collections Practices Act, 15 USC §1692, *et seq.* ("FDCPA"), as well as
under the Texas Debt Collection Act, Texas Finance Code §392.001, et seq.
("TDCPA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter
17, Business & Commerce Code ("DTPA"), to obtain actual, statutory damages,
injunctive relief and other relief for the Defendants' violations of the FDCPA, the
TDCPA and the DTPA.

### A. JURISDICTION & VENUE

1. Jurisdiction of this Court attains pursuant to 15 USC §1692k(d), 28 USC
   §1331 and §1337(a) and the doctrine of pendant jurisdiction for the
   TDCPA claims pursuant to 28 USC §1367.

2. Venue is proper in the Southern District of Texas under 28 USC §1391(b)-(c) and because a substantial part of the acts and transactions occurred here and all of the Defendants transacted business here.

**B. PARTIES**

3. Plaintiff is a citizen of the State of Texas and an individual who resides in Harris County Texas and a "consumer" as defined by 15 USC §1692a(3) and TDCPA §392.001(1).

4. Defendant, Cavalry Portfolio Services LLC, is a Delaware corporation engaged in the business of extending credit and collecting debts, with the registered agent for service, CT Corporation Systems, whom may be served with process at 350 N. St Paul St, Suite 2900, Dallas TX 75201.

5. Defendant, Bronson & Migliaccio LLP, is an New York Law Firm engaged in the business of collecting consumer debts, with the registered agent for service, National Corporate Research Ltd, whom may be served with process at 800 Brazos, Ste 1100, Austin TX 78701.

6. Defendant Laurence A Hecker, A Professional Association d/b/a Laurence A Hecker, Attorney at Law, is NJ Law Firm and an entity engaged in the business of collecting consumer debts doing business throughout Texas who may be served with process through the Secretary of State on the registered agent for service, Laurence Hecker, whom may be served with process at 2C South Gold Dr, Hamilton NJ 08691.

7. All Defendants are in the business of the collection of consumer debts. Defendants are "debt collectors" as defined by 15 USC §1692a(6) and

TDCPA §392.001(6). Defendants are also "third party debt collectors" as defined by TDCPA §392.001(7).

## C. FACTUAL ALLEGATIONS

8.  Prior to December 2008, the Plaintiff owed Washington Mutual Card Services for a consumer credit card ending in 9401, an account which had become delinquent. At some point this debt was sold to the third party.

9.  On or about December 2008, the Defendants Cavalry Portfolio Services LLP (hereinafter "Cavalry"), the debt buyer and a third party debt collector, and Bronson & Miglaccio LLP (hereinafter "Bronson"), a third party debt collector, jointly began to collect on Plaintiff's account. See Exhibit A, the initial collection letter.

10. Plaintiff, by and through his law firm, the Palmer Firm, PC (hereinafter "Palmer"), notified Cavalry and Bronson or attorney representation, a dispute to the account and requested verification of said account. See Exhibit B, initial letter sent by Palmer.

11. On or about January 29, 2009, Cavalry, by and through Bronson and the Plaintiff, by and through Palmer, reached an agreement to settle this account and said settlement was paid over the telephone from the law firm trust account. See Exhibit C, proof of said negotiations and payment.

12. Subsequent to this settlement, Cavalry placed such account for collection with at least one collection agency Laurence A Hecker, A Professional Association d/b/a Laurence A Hecker, Attorney at Law (hereinafter "Hecker"). This was due to either due to the malfeasance of the Defendant

Bronson failing to notify the Defendant Cavalry of the settlement or due to the malfeasance of the Defendant Cavalry.

13. The initial collection letter from Hecker demands full and immediate payment, was sent directly to the Plaintiff even though he was represented by counsel and is generally appears to threaten legal action, even though Hecker is not a Texas licensed attorney. See Exhibit D, intial letter from Hecker.

14. Cavalry and Hecker were aware that Plaintiff was represented by the Palmer Law Firm PC at this time, yet they still made direct contacts with the Plaintiff.

15. Cavalry and Hecker were also aware that Plaintiff had settled this debt, yet, Cavalry and Hecker continued collecting on such debt.

16. The foregoing acts and omission of the Defendants were undertaken willfully, intentionally and knowingly and/or in gross disregard of the rights of the Plaintiff.

## D.  FIRST CLAIM FOR RELIEF

17. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-16.

18. The Defendants' violations of the FDCPA include, but are not limited to the following:

   a. Falsely representing that the Plaintiff owed the alleged debt 15 USC §1692c(2)(A); and

b. Communicating with a consumer they knew to be represented by an attorney 15 USC §1692e; and

c. Misrepresenting the character and/or legal status of the debt 15 USC §1692e; and

d. Threatening to take action and taking action that cannot be taken 15 USC §1692e(5); and

e. False representations or deceptive means to collect or attempt to collect a debt 15 USC 1692e(10); and

f. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt 15 USC §1692d.

g. Using unfair and unconscionable means to collect or attempt to collect a debt 15 USC §1692f.

19. Under 15 USC §1692k the Defendant' violations of the FDCPA render them jointly and severally liable to the Plaintiff for actual damages, statutory damages, declaratory relief, costs and attorney fees.

## E.  SECOND CLAIM FOR RELIEF

20. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-19.

21. The Defendants' violations of the TDCPA include, but are not limited to the following:

a. Violations of §392.301(a)(8), by threatening to take and taking action prohibited by law; and

     b.  Violations of §392.304(a)(8) by misrepresenting the character, amount and status of the consumer debt; and

     c.  Violations of §392.304(a)(19) by using false representation and deceptive means to collect a debt; and

22. Under §392.403 the Defendants' violations of the TDCPA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs and reasonable attorney fees.

### F.  THIRD CLAIM FOR RELIEF

23. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-22.

24. The Defendants' violations of the TDCPA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code and is actionable under that subchapter.

25. Under Tex. Bus. & Com. Code §17.50(b)(2) the Defendants' violations of the DTPA render the jointly and severally liable to the Plaintiff for treble damages, injunctive relief and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Court:

1. Declare the Defendants' actions violate the FDCPA, the TDCPA and the DPTA; and

2. Enjoin the Defendants' actions which violate the TDCPA and DTPA; and

3. Enter judgment for Plaintiff against the Defendants for actual damages, statutory damages, costs, attorney fees as provided by 15 USC §1692k(a) and/or TDCPA §392.403 and treble damages under the DTPA; and

4. Grant such other further relief as is deemed just.


Dated: June 25, 2010


s/Kimberly Soard_____
Kimberly Soard, State Bar No 00797815
SD of Texas No 5689451
The Law Offices of Kimberly Soard PC
3722 Bristleleaf Dr
Katy, TX 77449
281-647-0899
Facsimile 832-553-3087
Attorney for Plaintiff(s)